UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**GREGORY PROPERTIES, INC.,**

    **Plaintiff,**

  v.

**JACK MARCHBANKS,** *et al.,*

    **Defendants.**

**Case No. 2:22-cv-2896**
**JUDGE EDMUND A. SARGUS, JR.**
**Magistrate Judge Chelsey M. Vascura**

**OPINION AND ORDER**

This matter is before the Court on the Ohio Department of Transportation's ("ODOT") motion for judgment on the pleadings or, in the alternative, summary judgment on Plaintiff's remaining claims. (ECF No. 21.) Plaintiff Gregory Properties, Inc. also moved for summary judgment. (ECF No. 22.) The Court finds that it lacks subject matter jurisdiction over the action and **REMANDS** the case to the Franklin County Court of Common Pleas.

I.    **FACTUAL BACKGROUND**

This case arises out of ODOT's decision to exercise its eminent domain powers and take property owned by Gregory Properties for a highway improvement project on State Route 32. (Compl., ¶¶1–3.) Gregory Properties argues that the taking is excessive because ODOT appropriated more property than necessary to serve its public purpose. (ECF No. 22.) The highway improvement project includes plans to construct a new interchange and eliminate multiple intersections on State Route 32, a toll-free public highway in Clermont County, Ohio. (ECF No. 22-3, PageID 440.) According to ODOT, it needs Gregory Properties' Parcel Number

1

456[1] to provide permanent access to stormwater swale and slopes, and room for maintenance activities such as mowing, ditch cleaning, and slope repairs. (*Id.*, PageID 440–41.) ODOT needs Parcel Number 458 for the construction and maintenance of two stormwater ponds, to unload and store maintenance equipment and work materials, and to provide a turnaround area for equipment haulers. (*Id.*, PageID 441.) To acquire the Property, ODOT filed two eminent-domain actions in the Clermont County Court of Common Pleas. (ECF No. 20; VanDenmark Aff., ECF No. 22-1, PageID 345–49, 362–66; Case Nos. 2021-CVH-00584, 2021-CVH-00585.)

Gregory Properties contests ODOT's position, arguing that the taking is excessive. (ECF No. 22, PageID 319–20.) Through its expert, Mark Antonetz, Gregory Properties identifies 1.02 acres of the Property that it contends does not serve any engineering purpose and where no improvement will be installed. (Antonetz Report, ECF No 22-2, PageID 383.) The 1.02 acres is referred to as the "Contested Area." [2] (ECF No. 21, PageID 182.) Gregory Properties only challenges the necessity of the taking and the "public use" as it relates to the Contested Area. (*See* Compl., ECF No. 2, ¶¶ 22, 26.)

## II.     PROCEDURAL BACKGROUND

Gregory Properties first contested the taking by filing Answers to ODOT's Petitions to Appropriate. (Compl., ¶ 26.) The state trial and appellate court concluded that Gregory Properties

---

[1] The parties refer to the parcels differently. Gregory Properties refers to four tax parcels: 413103I280 (Parcel A), 414122A028 (Parcel B), 413103I316 (Parcel C), and 413103I070 (Parcel D). (VanDenmark Aff., PageID 337.) ODOT, however, redefines the Parcels based on its surveyor's description of the premises as Parcels 456 (456A-WD, 456A-WL and 456B-WL) and 458 (458-WL). (*Id.*, PageID 352–57; 369–72.)

[2] The authority of ODOT to appropriate property outside the Contested Area is not challenged. (ECF No. 22, PageID 322 ("To be clear, Gregory Properties did not contest the [Petitions to Appropriate], and does not contest here, that ODOT is permitted to appropriate the portions of [its property] which are outside the [Contested Areas.]").)

could challenge the taking only through a separate action. (*Id.*, ¶ 7.) Accordingly, Gregory Properties brought this action in the Franklin County Court of Common Pleas. (*Id.*, ¶ 28.) Defendants removed the case to this Court pursuant to federal question jurisdiction under 28 U.S.C. § 1331. (Not. of Removal, ECF No. 1.) Originally, Gregory Properties' Complaint included three claims: a claim for declaratory judgment under Ohio Revised Code § 2721.03 (Count I), a claim for permanent injunction under Ohio Revised Code § 2721.03 (Count II), and a claim for damages under 42 U.S.C. § 1983 against ODOT's Director, Jack Marchbanks (Count III). (Compl., ¶¶ 29–48.) But the Court granted Gregory Properties' unopposed motion to amend its Complaint (ECF No. 13) and dismissed Count III against ODOT's Director, Jack Marchbanks. (ECF No. 14.) The Complaint's two remaining claims against ODOT both arise under state law. (Compl., ¶¶ 29–40.)

ODOT moved for judgment on pleadings, or in the alternative, summary judgment on Counts I and II. (ECF No. 21.) Gregory Properties cross-moved for summary judgment. (ECF No. 22.) The Court need not address the merits of either motion, however, because the Court lacks subject matter jurisdiction over this action.

### III. ANALYSIS

This Court maintains an independent obligation to remand a case if at any time the Court determines it lacks subject matter jurisdiction. *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010) ("Courts have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it."). Federal courts are courts of limited jurisdiction and, unlike state courts, only have the authority to decide cases that the Constitution and Congress empowered them to resolve. *Ohio ex rel. Skaggs v. Brunner*, 549 F.3d 468, 474 (6th Cir. 2008). Courts will respect a plaintiff's choice to sue in state court unless Congress authorized the

removal of the case. *Id.* (citing *Rivet v. Region Bank of La.*, 522 U.S. 470, 474 (1998)); *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108–09 (1941) (strictly construing the statutory procedures for removal in favor of state sovereignty and resolving all doubts about federal jurisdiction in favor of remand).

Here, ODOT removed this case to federal court based on federal question jurisdiction. (Not. of Removal.) The jurisdictional hook under federal question jurisdiction was Gregory Properties' 42 U.S.C. § 1983 claim against ODOT's Director Jack Marchbanks (Compl., ¶ 42–48.) The Court dismissed that claim, and Director Marchbanks, after Gregory Properties filed an unopposed motion to amend its pleading and remove the § 1983 claim. (ECF No. 14.) Gregory Properties' remaining claims arise under state law. (*See* ECF No. 22, citing Ohio Rev. Code §§ 163.021 and 2727.02.) Normally, once all federal claims are dismissed before trial, the state-law claims are dismissed without prejudice. *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966) ("[I]f the federal claims are dismissed before trial, . . . the state claims should be dismissed [without prejudice] as well."); *see also Taylor v. First of Am. Bank-Wayne*, 973 F.2d 1284, 1287 (6th Cir. 1992) (describing the decision to exercise jurisdiction as discretionary). But here, Gregory Properties' state-law claims may implicate substantial questions of federal law raising federal question jurisdiction. Thus, the Court must analyze whether it has federal question jurisdiction[3] over the remaining state-law claims.

### A. Federal Question Jurisdiction

Federal question jurisdiction arises when the civil action "aris[es] under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A claim arises under federal law if the

---

[3] The parties are not citizens of different states and thus do not meet the criteria for diversity jurisdiction under 28 U.S.C. § 1332(a)(1). Therefore, to have subject matter jurisdiction, this Court must have federal question jurisdiction.

cause of action (1) is created by federal statute or (2) presents a substantial question of federal law. *Miller v. Bruenger*, 949 F.3d 986, 991 (6th Cir. 2020). The existence of federal question jurisdiction is determined by the well-pleaded complaint rule, which examines whether a federal question existed on the face of the plaintiff's properly pleaded complaint. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).

### B.     The Substantial Federal Question Doctrine

Most commonly, a federal question exists when federal law creates the cause of action. *Merrill Lynch, Pierce, Fenner & Smith Inc. v. Manning*, 578 U.S. 374, 383 (2016). The "less frequently encountered" variety of federal question jurisdiction exists when state-law claims "implicate significant federal interests." *Grable & Sons Metal Prod., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312–13 (2005). The substantial federal question doctrine encompasses the "commonsense notion that a federal court ought to be able to hear claims recognized under state law that nonetheless turn on substantial questions of federal law, and thus justify resort to the experience, solicitude, and hope of uniformity that a federal forum offers." *Id.* at 312. But a federal issue is not treated "as a password opening federal court to any state action embracing a point of federal law." *Id.* at 314; *see also Empire Healthchoice Assurance, Inc. v. McVeigh*, 547 U.S. 677, 701 (2006) (describing substantial question jurisdiction as a "slim category").

To fall within this slim category, the state-law claim must: (1) "necessarily raise a stated federal issue," (2) that is "disputed and substantial," (3) "which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Est. of Cornell v. Bayview Loan Servicing, LLC*, 908 F.3d 1008, 1020 (6th Cir. 2018) (citing *Grable*, 545 U.S. at 312–13 and discussing the "*Grable* prongs"). This Court will take each prong in turn.

5

      i.      **State law eminent domain actions implicate federal constitutional questions.**

A state law cause of action may raise an issue under federal law "if the vindication of a right under state law depends on the validity, construction, or effect of federal law." *Mikulski v. Centerior Energy Corp.*, 501 F.3d 555, 565 (6th Cir. 2007) (en banc). The Court must determine whether there are federal issues "embedded" in the state-law claims. *See Grable,* 545 U.S. at 308, 314, 319. *See also Estate of Cornell*, 908 F.3d at 1017 (describing the federal issue "nested inside" the state-law claim).

The thrust of Gregory Properties' cause of action is that ODOT appropriated more of its property than was necessary for a public use in violation of Ohio Rev. Code §163.021(A). (ECF No. 22, PageID 323–24.) While Gregory Properties only alleges violations of state law, a constitutional question lurks in the background. That is because the Fifth Amendment, applicable to the States through the Fourteenth Amendment, provides that private property shall not "be taken for public use, without just compensation." *Lingle v. Chevron U.S.A. Inc.*, 544 U.S. 528, 536 (2005) (quoting U.S. Const. amend. V). "[T]here is the possibility of a federal question in every taking by eminent domain under state authority." *Muskegon Theatres, Inc. v. City of Muskegon*, 507 F.2d 199, 205 (6th Cir. 1974) (but noting that "several . . . courts have abstained from exercising their federal question jurisdiction in eminent domain contexts" because doing so would disrupt a coherent state policy).

      ii.      **Gregory Properties' state-law claim is too fact-bound and situation-specific to create a substantial federal question.**

To determine whether a state-law claim raises a substantial federal question, courts within the Sixth Circuit evaluate "whether a federal agency is a party to the action, whether the federal issue is important and dispositive, and how broad the binding effect of the decision will

6

be." *Miller*, 949 F.3d at 993 (citing *Mikulski,* 501 F.3d at 570). Federal issues are not substantial if the result would not apply broadly and instead is a "fact-bound and situation-specific" inquiry. *Id.* at 993–94.

The dispute between ODOT and Gregory Properties does not involve a federal agency. *See Miller*, 949 F.3d at 993. Just because the liberties at stake are substantial, the liberty interests alone do not necessarily open the door to federal question jurisdiction. *Id.* The dispute here, like in *Miller*, is a "fact-bound and situation-specific" inquiry and its resolution would not be broadly binding. *See id.* at 993–94.

Here, Gregory Properties concedes that it is not broadly challenging the government's authority to appropriate private property. (ECF No. 22, PageID 322.) Instead, Gregory Properties alleges only one specific 1.02-acre portion of ODOT's appropriation was unnecessary for its highway improvement project. (*Id*.) The appropriation was not necessary, according to Gregory Properties, because the project plan does not include the building of a structure or improvement on that specific piece of property. (Antonetz Report, ECF No. 22-2, PageID 383.) The claim does not challenge ODOT's general authority to appropriate property for highway improvement projects. The result of this case is not broadly applicable because it turns on specific facts unique to this project plan.

Accordingly, Gregory Properties' claim does not include a substantial federal issue worth disturbing the balance of federal and state power in eminent domain proceedings. The federal issue embedded in Gregory Properties' claim is distinguishable from other Sixth Circuit cases in which courts found a substantial federal question. In those cases, the state-law claims broadly challenged the authority of the federal government. *See, e.g.*, *Grable*, 545 U.S. at 315 (concerning the government's ability and authority to collect delinquent taxes); *Michigan v.*

*Enbridge Energy, Ltd. P'ship*, 571 F. Supp. 3d 851, 860 (W.D. Mich. 2021) (regarding the government's authority over land and water).

### iii. Gregory Properties' eminent domain challenge is better suited to state courts.

Even assuming Gregory Properties' claim raised a disputed and substantial federal issue, this Court can decide not to hear the action to avoid upsetting a well-established federal and state court balance in eminent domain actions. The third prong in the *Grable* analysis exists to "protect the federal courts from the burden of excessive litigation that is better suited to state courts." *Mikulski*, 501 F.3d at 556 (holding that the substantial question doctrine did not provide jurisdiction over the state-law claim). When hearing the case would upset the balance of cases between state and federal court or add to the number of cases in federal court, courts should decline to exercise federal question jurisdiction. *See, e.g.*, *Eastman v. Marine Mech. Corp.*, 438 F.3d 544, 553 (6th Cir. 2006) (noting that converting state claims into federal claims by referencing federal law would upset the balance of cases).

Eminent domain is a distinctly state law matter. *La. Power & Light Co. v. City of Thibodaux*, 360 U.S. 25, 28–29 (1959). In *Thibodaux*, the Supreme Court cautioned of the potential "hazards of serious disruption by federal courts" and the "needless friction between state and federal authorities" when state eminent domain cases are removed to federal court. *Id.* States have an interest in administering a uniform policy on eminent domain and thus most states, including Ohio, supply exhaustive procedures for the appropriation of private property. *E.g.*, *Rucci v. Cranberry Twp., Pa.*, 130 F. App'x 572, 577 (3d Cir. 2005) (discussing its decision not to exercise jurisdiction over eminent domain proceedings).

Heeding the wisdom of the Supreme Court in *Thibodaux*, this Court is reluctant to insert itself into an area that traditionally falls within the domain of state courts. *Isaac Ford v. Uniroyal*

8

*Pension Plan*, 154 F.3d 613, 616 (6th Cir. 1998) ("[T]he federal courts may not intrude into the traditional domains of the states absent authorization from Congress."). Exercising jurisdiction over this case would risk "swinging open the federal courtroom doors" to any dispute over eminent domain initially filed in Ohio state courts. *See Rucci*, 130 F. App'x at 577. Thus, the *Grable* factors weigh against federal jurisdiction. The Court finds that Gregory Properties' remaining claims are state-law claims, over which the Court lacks subject matter jurisdiction.

   C.   **Supplemental Jurisdiction**

Alternatively, the Court declines to exercise supplemental jurisdiction over the remaining state claims under 28 U.S.C. § 1367(c)(3). A district court may decline to exercise supplemental jurisdiction when it has dismissed all claims over which it had original federal jurisdiction. "If the federal claims are dismissed before trial, the state claims generally should be dismissed as well." *Brooks v. Rothe*, 577 F.3d 701, 709 (6th Cir. 2009). In this case, Gregory Properties dismissed its federal claim (ECF Nos. 13, 14) and the Court determined that the remaining state-law claims do not implicate significant federal interests to warrant the exercise of federal jurisdiction. The values of economy, convenience, fairness, and comity combine to make it appropriate for a state court to exercise jurisdiction of these allegations. *See Gibbs*, 383 U.S. at 726–27. Consequently, the Court declines to exercise supplemental jurisdiction over the remaining state-law claims and remands the case to the Franklin County Court of Common Pleas. (ECF Nos. 21, 22.)

   IV.   **CONCLUSION**

For the reasons above, this Court finds that it lacks subject matter jurisdiction over this case. Accordingly, the Court hereby **REMANDS** the case to the Franklin County Court of Common Pleas. Both ODOT's motion for judgment on the pleadings, or in the alternative

9

summary judgment (ECF No. 21) and Gregory Properties' motion for summary judgment (ECF No. 22) are **DENIED AS MOOT**. The Clerk is **DIRECTED** to **CLOSE** this case.

 **IT IS SO ORDERED.**

**1/5/2024**　　　　　　　　　　　　　　　 **s/Edmund A. Sargus, Jr.**
**DATE**　　　　　　　　　　　　　　　　 **EDMUND A. SARGUS, JR.**
　　　　　　　　　　　　　　　　　　　 **UNITED STATES DISTRICT JUDGE**